**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ASHLEY TERESA JEAN MAURO, Debtor. | Case No. 8:25-cv-01481-MCS |
| ASHLEY TERESA JEAN MAURO, Plaintiff-Appellant, v. UNITED STATES DEPARTMENT OF EDUCATION, Defendant-Appellee. | Bankruptcy Case No. 8:23-bk-12164-SC<br>Adversary Case No. 8:24-ap-01094-SC<br>**ORDER AFFIRMING JUDGMENT (ECF NO. 21)** |

Appellant Ashley Teresa Jean Mauro appeals the judgment of the United States Bankruptcy Court for the Central District of California upon its order granting Appellee United States Department of Education's ("DOE") motion for summary judgment on Mauro's complaint to determine the dischargeability of debt. The appeal is fully briefed. (Appellant's Opening Br., ECF No. 14; Appellee's Br., ECF No. 19; Appellant's Reply Br., ECF No. 22.) The Court deems the matter appropriate for resolution without a hearing. *See* Fed. R. Bankr. P. 8019(b)(3); C.D. Cal. R. 7-15.

## I. THRESHOLD ISSUES

Mauro's record on appeal is incomplete. *See* Fed. R. Bankr. P. 8009(a)(4). In light of her status as an unrepresented litigant, the Court takes judicial notice of the docket and filings in the bankruptcy proceedings. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Mauro moves for leave to supplement the record with an exhibit to a surreply she filed in the bankruptcy court. (Mot., ECF No. 21.) The Bankruptcy Court did not rule on her request to file a surreply, but the Court assumes the Bankruptcy Court considered the surreply papers and grants the motion. Fed. R. Bankr. P. 8009(e)(2)(C).

In her appeal, Mauro refers to other evidence, including responses to requests for admission. (*E.g.*, Appellant's Opening Br. 5–6;[1] Appellant's App. 18–20, ECF No. 15.) Much of this evidence was not appropriately presented to the Bankruptcy Court. The exhibits to the declaration she submitted in opposition to the motion for summary judgment, including what appear to be the responses to the requests for admission, suffer from formatting issues that render them indecipherable. Opp'n to Def.'s Mot. for Summ. J. 5–7, *Mauro v. U.S. Dep't of Educ.*, No. 8:24-ap-01094-SC (Bankr. C.D. Cal. May 16, 2025), ECF No. 32. The Court may decline to consider evidence that was not presented to the Bankruptcy Court. *See Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1261 n.4 (9th Cir. 2016) ("We decline to address new evidence cited for the first time on appeal to seek reversal of a lower court's summary judgment determination."). Nonetheless, given Mauro's status as an unrepresented litigant, and given that consideration of the evidence will not change the disposition of the appeal, the Court considers the entire record.

///

[1] Pinpoint citations of Mauro's briefs refer to pagination appended by CM/ECF.

## II. BACKGROUND

Mauro filed a Chapter 7 bankruptcy petition in October 2023 and received a discharge of her debts in January 2024. Voluntary Pet., *In re Mauro*, No. 8:23-bk-12164-SC (Bankr. C.D. Cal. Oct. 20, 2023), ECF No. 1; Order of Discharge, *In re Mauro*, No. 8:23-bk-12164-SC (Bankr. C.D. Cal. Jan. 30, 2024), ECF No. 12. The bankruptcy court granted Mauro's motion to reopen the proceeding to bring an adversary proceeding against DOE. Order, *In re Mauro*, No. 8:23-bk-12164-SC (Bankr. C.D. Cal. May 28, 2024), ECF No. 18.

According to her operative complaint in the adversary case, Mauro obtained student loans long before she filed her bankruptcy petition, and her balance had grown to about $95,850 by June 2024. (Appellee's App. SER 001, ECF No. 20.) She asserted that the loan held by DOE "is dischargeable as an undue hardship" given her financial situation. (*Id.* at SER 002); *see* 11 U.S.C. § 523(a)(8) (providing exception to rule that student loans are not dischargeable in bankruptcy if "excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents").

DOE brought a motion for summary judgment. (*See generally* Appellee's App. SER 008–80.) With its motion, DOE offered evidence that Mauro obtained a Federal Direct Consolidation Loan from DOE in May 2024, after the bankruptcy petition and discharge, which satisfied her original student loans. (*Id.* at 020–23.) DOE argued that the consolidation loan constituted a post-petition debt not subject to discharge as a matter of law. (*Id.* at SER 015–16.) Plaintiff did not controvert DOE's facts in her response to the motion. *See generally* Opp'n to Def.'s Mot. for Summ. J., *Mauro v. U.S. Dep't of Educ.*, No. 8:24-ap-01094-SC (Bankr. C.D. Cal. May 16, 2025), ECF No. 32. Instead, she argued, among other points, that the original, pre-petition loans were part of the bankruptcy estate, and that DOE should be equitably estopped from arguing that the consolidation rendered the loans nondischargeable given representations made on its website. *Id.* at 2–3.

The Bankruptcy Court issued an order granting DOE's motion. (Appellee's App. SER 094–101.) The Bankruptcy Court reasoned:

> The post-petition consolidation represents a new, distinct debt, the proceeds of which were used to cancel the original pre-petition student loan notes and to pay the underlying debt. Upon the post-petition consolidation, the original pre-petition student loans were no longer debts. Further, as consolidation occurred post-petition, the debt is not eligible for discharge and not vulnerable to an "undue hardship" attack.

(*Id.* at SER 099 (citation omitted).) The Bankruptcy Court rejected Mauro's equitable estoppel argument on the basis that she had not raised a triable issue that DOE engaged "in affirmative misconduct." (*Id.*) The Bankruptcy Court entered judgment dismissing the claim. (*Id.* at SER 102–03.)

Mauro appeals the judgment. This Court has jurisdiction under 28 U.S.C. § 158(a).

## II. LEGAL STANDARD

"[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals." *Beal Bank v. Crystal Props., Ltd. (In re Crystal Props, Ltd.)*, 268 F.3d 743, 755 (9th Cir. 2001) (internal quotation marks omitted). Review of a bankruptcy court's grant of summary judgment is de novo. *See Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). Under the summary judgment standard, courts "view the evidence in the light most favorable to the nonmoving party, determine whether there are any genuine issues of material fact, and decide whether the [lower] court correctly applied the relevant substantive law." *Johnson v. Barr*, 73 F.4th 644, 651 (9th Cir. 2023) (internal quotation marks omitted). The reviewing court may "affirm on any ground supported by the record." *Id.*

## III. DISCUSSION

Summary judgment on Mauro's claim was appropriate because her "consolidation student loan is a new, distinct loan" she obtained after she filed the petition. *Educ. Credit Mgmt. Corp. v. McBurney (In re McBurney)*, 357 B.R. 536, 538 (B.A.P. 9th Cir. 2006), *cited with approval in Perez v. Discover Bank*, 74 F.4th 1003, 1010 (9th Cir. 2023); *accord Hiatt v. Ind. State Student Assistance Comm'n*, 36 F.3d 21, 23 (7th Cir. 1994). (*See* Appellee's App. SER 021–23.) Mauro's bare disagreement with and attempts to distinguish settled law on this principle are unavailing. (Appellant's Reply Br. 2–3.)

Post-petition debts are not subject to discharge. 11 U.S.C. § 727(b); *see In re McBurney*, 357 B.R. at 539 (determining that a consolidation loan the debtor obtained after filing a bankruptcy petition "was a postpetition debt not eligible for discharge under any circumstances"). Mauro proffers that DOE, as a guarantor or overseer, had a relationship to the pre-petition loans the consolidation loan extinguished. (Appellant's Opening Br. 8–9.) That would be immaterial even if true; Mauro does not raise a triable question as to whether the consolidation loan came into existence after the petition and discharge.

The proposition that post-petition debts are nondischargeable is not subject to any statutory exception for equitable estoppel, and Mauro offers no authority to suggest such an exception exists. To the extent principles of equity might allow a court to circumvent the strictures of 11 U.S.C. § 727(b)—a premise that poses serious separation-of-powers issues—Mauro offers no facts raising a genuine dispute that DOE undertook "affirmative conduct going beyond mere negligence" and that such misconduct "will cause a serious injustice and the imposition of estoppel will not unduly harm the public interest." *S&M Inv. Co. v. Tahoe Reg'l Planning Agency*, 911 F.2d 324, 329 (9th Cir. 1990) (internal quotation marks omitted). Mauro points to materials DOE published to its website "promoting consolidation" to borrowers who sought a certain income-driven repayment plan by a certain date. (Appellant's Opening Br. 7; *see*

Appellant's App. 18 (response to request for admission about the website communication).) The statement has virtually no bearing on the bankruptcy implications of a consolidation loan; no rational trier of fact could determine the statement constitutes affirmative misconduct, let alone misconduct "beyond mere negligence." *S&M Inv. Co.*, 911 F.2d at 329 (internal quotation marks omitted).

Effectively, Mauro would fault DOE for not providing public-facing guidance to borrowers in her exceedingly specific situation—individuals who had taken out student loans, petitioned for bankruptcy, and obtained a consolidation loan, in that order. Equitable relief is not available for that sort of omission. The Court is sympathetic to Mauro's situation; had she known loan consolidation would foreclose a § 523(a)(8) discharge upon her 2023 petition, perhaps she would have chosen not to consolidate. Nonetheless, principles of equity cannot transmute a nondischargeable debt into a dischargeable one.

## IV. CONCLUSION

The Court affirms the judgment of the Bankruptcy Court. The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**

Dated: October 21, 2025

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE